```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                           LONDON DIVISION


IN RE:

CARL B STEPHENS and
PENNY L STEPHENS                                  CASE NO. 09-60326

DEBTORS

BANK OF MCCREARY COUNTY                           PLAINTIFF

v.                                                ADV. NO. 09-6065

CARL B STEPHENS AND
PENNY L STEPHENS                                  DEFENDANTS
```

## **MEMORANDUM OPINION**

This matter having come before the Court and a trial having been held on May 19, 2010, and the matter having been taken under submission, the Court hereby issues this Memorandum Opinion.

Bank of McCreary County ("Plaintiff") objects to the dischargebility of debts of each of the Debtors. Penny L. Stephens has already signed an agreed judgment that the debt is non-dischargeable as to her. Thus, the sole issue is whether the debt is non-dischargeable as to Carl B. Stephens.

At the trial, the Court ordered that the Defendant was not allowed to present testimony or evidence for failure to comply with the Court's Order for Trial. Additionally, Carl B. Stephens failed to show at the trial.

At the conclusion of the trial, the Court ruled from the bench that the following causes of action are dismissed: 11 U.S.C. § 523(a)(2)(B), 11 U.S.C. § 523(a)(6), 11 U.S.C. § 727(a)(2)(A) and 11 U.S.C. § 727(a)(4)(A). The Court also ruled from the bench that the debt of Carl B. Stephens is non-dischargeable pursuant to 11 U.S.C. §

523(a)(2)(A).

This Memorandum Opinion is written to establish Findings of Fact and Conclusions of Law.

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 1471. This is a core proceeding within the meaning of 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. § 1409.

Facts

Defendant Carl B. Stephens owes Plaintiff $128,911.87. The debt is for false invoices submitted by Penny L. Stephens. She has previously entered into a guilty plea regarding those false invoices.

The evidence at the trial is sufficient to establish that Carl B. Stephens must have known that Penny L. Stephens was obtaining money from the bank by submitting false invoices. That evidence included, *inter alia*, that money was obtained by submitting false invoices when Carl B. Stephens was not working, and that those invoices were submitted by Penny L. Stephens pursuant to a power of attorney that Carl B. Stephens had given her.

Conclusions of Law

11 U.S.C. § 523(a)(2)(A) excepts from discharge money obtained by actual fraud. Here, Penny L. Stephens obtained money by submitting fraudulent invoices. The evidence is that Carl B. Stephens knew of and participated in the fraud.

For that reason, Carl B. Stephen's debt to Defendant shall not be discharged. This Memorandum Opinion contains the Court's Findings of Fact and Conclusions of Law. A separate Judgment Order shall be entered.

```
COPIES TO:

Marcia A. Smith, Esq.
Debtors
Michele Wilson, Esq.
```

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge
Dated: Friday, May 21, 2010
(jms)**